# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 01-3335

———————

United States of America,

        Appellee,

v.

Rufus Merlin Sumlin, Jr.,

        Appellant.

\* Appeal from the United States
\* District Court for the
\* Eastern District of Missouri.

\* [UNPUBLISHED]

———————

Submitted: April 3, 2002
Filed: April 3, 2002

———————

Before BOWMAN, BEAM, and LOKEN, Circuit Judges.

———————

PER CURIAM.

Rufus Merlin Sumlin, Jr., pleaded guilty to being a felon in possession of a firearm, and being a felon in possession of ammunition, both in violation of 18 U.S.C. § 922(g)(1). In a prior appeal, we reversed the District Court's[1] application of a four-level enhancement under U.S.S.G. § 2K2.1(b)(5) for using or possessing firearms in connection with another felony offense, because the government's evidence lacked sufficient indicia of reliability. See United States v. Sumlin, 8 Fed. App. 575, 577 (8th Cir. 2001) (unpublished per curiam).

———————

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

On remand, the government presented the testimony and reports of three police officers. This evidence chiefly related to the observations of a confidential informant (since deceased) at five controlled buys of cocaine base at Sumlin's apartment, and the items seized from the apartment when a search warrant was executed.

We are satisfied that the District Court did not clearly err in determining that Sumlin possessed firearms in connection with drug trafficking. See United States v. Rohwedder, 243 F.3d 423, 427-28 (8th Cir. 2001). The evidence presented at resentencing established Sumlin's direct or constructive possession of the firearms, see United States v. McCracken, 110 F.3d 535, 541 (8th Cir. 1997), and it was reasonable for the Court to infer that the firearms' presence facilitated or had the potential to facilitate the drug trafficking, see United States v. Belitz, 141 F.3d 815, 817-18 (8th Cir. 1998). Nor did the Court abuse its discretion in concluding that the informant's statements, presented through the testimony of the police officer who had worked with him, had sufficient indicia of reliability. See United States v. Wise, 976 F.2d 393, 402-04 (8th Cir. 1992) (en banc), cert. denied, 507 U.S. 989 (1993).

Accordingly, we affirm the judgment of the District Court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.